**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JANETTE ELBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0153 |
| | § | |
| CHEVRON, U.S.A., INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiff has filed an unopposed motion to seal "the entire public record" of this case months after it was settled and dismissed. This is an employment case. The plaintiff sued her former employer, alleging that she was wrongfully terminated, discriminated against on the basis of race, national origin, and age, and retaliated against for complaining internally about the use of company aircraft for personal reasons and questionable accounting practices, including requesting reimbursement for overstated travel expenses. The case was dismissed in July 2010 based on the parties' announcement of settlement. In October 2010, the plaintiff filed this unopposed motion to seal all the court records.

In this motion, the plaintiff asserts her belief that the public record of this suit "could be a detriment to her current and future employment. . . .if a current or potential employe[r] discovered the facts of this matter, it would not view her involvement favorably, which could be a threat to her job security." (Docket Entry No. 19, p. 2). The plaintiff argues that her job security and ability to maintain or obtain employment in the future outweigh the public's right of access.

The Fifth Circuit has described the following standard for sealing court documents:

> Courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). However, the public's common law right is not absolute. *Nixon*, 435 U.S. at 598, 98 S. Ct. at 1312; *see Belo*, 654 F.2d at 430. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598, 98 S. Ct. at 1312. Thus, the common law merely establishes a presumption of public access to judicial records. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Although the common law right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).
>
> In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602, 98 S. Ct. at 1312, 1314 (court must consider "relevant facts and circumstances of the particular case"); *Belo*, 654 F.2d at 434; *see also Bank of America Nat'l Trust v. Hotel Rittenhouse*, 800 F.2d 339, 344 (3d Cir. 1986) (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests." (citing *Belo*)).

*S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (footnote omitted). The *Van Waeyenberghe* court found that the district court had abused its discretion in sealing court documents because there was no evidence that the district court balanced the competing interests prior to entering the sealing order, noting that the district court had not mentioned the presumption in favor of public access to judicial records and had not articulated any reasons that would support sealing the documents at issue. *See id.* at 848–49.

The Fifth Circuit has affirmed a district court's refusal to seal records based on very similar reasons to those the plaintiff asserts here. In *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th

2

Cir. 2008) (unpublished), the Fifth Circuit found that the district court had not abused its discretion by refusing to seal court documents based on the plaintiff's concern that he was finding it difficult to obtain employment because he had successfully sued a former employer. The plaintiff requesting sealing raised argued "the lack of importance to the public and the potential for employer retaliation against litigious employees" as justifications for sealing the record of his successful lawsuit. The court noted that these concerns "could apply to nearly all cases filed in the federal courts, especially those involving title VII." The court continued: "If we were to decide that the court's determination here was an abuse of discretion, then the same argument could successfully be made by countless plaintiffs. Such a result, however, would be contrary to our statement that 'the district court's discretion to seal the record of judicial proceedings is to be exercised *charily*.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 848 (internal citations and quotations omitted) (emphasis added)). Other courts have reached the same result in similar cases. *See, e.g., Peru v. T-Mobile USA, Inc.*, 2010 WL 2724085, 1-3 (D. Colo. 2010); *U.S. ex rel. Permison v. Superlative Technologies, Inc.*, 492 F.Supp.2d 561, 564 -565 (E.D. Va. 2007).

Although this court understands the plaintiff's concern, she has failed to show that it outweighs the significant public interest in full access to judicial records. Weighed against that powerful public interest in access, the plaintiff has made a weak showing of potential harm to her privacy interests. The law prohibits (and provides a remedy for) discrimination or retaliation by a prospective employer against applicants in these circumstances. *See generally Kelley v. Goodyear Tire & Rubber Co.,* 220 F.3d 1174, 1179 (10th Cir.2000) (discussing employee's claim that prospective employer retaliated against him for filing complaint against prior employer); *Nilsson v. City of Mesa,* 503 F.3d 947, 954-55 & n. 3 (9th Cir. 2007) (same). The harm feared by the plaintiff

here is precisely the same harm that most employment discrimination plaintiffs face, and yet there is no tradition of sealing all such records or even of allowing anonymous employment discrimination litigation. And when, as here, the public has already had access to documents, that is a factor weighing in favor of continued public access. *See, e.g., Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *5 (E.D. La. Aug. 16, 2007).

The motion to seal is denied.

SIGNED on November 9, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge